(Lucas County Court of Common Pleas.)

THE CITY OF TOLEDO, for the use of Frank Gates, v. LORIN A. BROWN et al. ; Same v. John Quaife et al. ; Same v. Victor Gladieux et al. ; Same v. Hyacinthe Lalond et al. ; Same v. James G. Hickox et al.

----

*Sewer Assessment.*

1. In an action brought by the contractor upon a local sewer assessment, it is not a defense thereto that four years prior to the construction of the sewer, the city had at its own expense constructed in the street in front of defendants' lots a fifteen inch hard tile glazed pipe sewer, for the purpose of draining a large pond of water into a trunk sewer, although said pipe sewer is of sufficient capacity to drain the abutting lots, and was in the street in good condition at the time the new sewer was built.

2. In order to be provided with local sewerage or drainage within the meaning of the Revised Statutes of Ohio. section 2380, so as to exempt the lots from an assessment for local sewerage, the sewer must come within the definition of a local sewer as laid down in sec. 2397 of Revised Statutes of Ohio, to-wit: it must have been intended for and used for the drainage and accommodation of lots abutting thereon.

3. An abutting owner who secretly connects his lot with such a pipe sewer, without permission from said city, acquires no rights thereby, and is in no better position to resist the assessment for the new sewer than one whose lot is not connected therewith.

----

Stephen Brophy, for plaintiff, cited Rev. Stat. sec. 2380 and 2397; 16 Bull. 287; 47 Ohio St. 407; 4 C. C. R. 131.

Kinney & Newton, W. H. Tucker, for defendants.

The contractor, Frank Gates, commenced five separate actions in the name of the city of Toledo for his use against the above named defendants, respectively, to recover upon an assessment for constructing a local sewer in Fifth street, from Starr avenue to Cherry street, in the city of Toledo.

All of the suits were, by consent of counsel, tried together upon an agreement of facts and other evidence.

The petitions set forth the usual averments in petitions of that character, and that, at the time of making said assessment, the defendants respectively then were and still are the owners of the property, and prayed for a personal judgment against the defendants, with interest and penalty, and a decree for the sale of the lots.

The answers of the defendants admitted the corporate capacity of the city and the passage of all the legislation as in the petition alleged, but denied that the assessment was valid, or that any lien had been thereby acquired, or that there was anything due by reason thereof; and further alleged that prior to the 6th day of June, 1892, the city of Toledo had constructed a sewer in the center of said Fifth street and running along and past the property of the defendants, which sewer connected with and

emptied into Cherry street sewer, and that the same was in good condition at the time of the passage of the legislation described in plaintiff's petition, and up to the time that the city commenced to construct said sewer mentioned in plaintiff's petition; and prayed that the plaintiff's petition be dismissed, and that they might recover their costs.

The plaintiff filed replies to these answers denying all the averments therein except the admissions thereof.

By an agreed statement of facts filed in said cases, it was admitted that the drain or sewer constructed prior to the 6th day of June 1892, in Fifth street in said city of Toledo, was constructed under the following resolution of the common council of said city of Toledo. viz: "Resolved, by the common council of Toledo, that the city civil engineer be, and he is, hereby directed to have constructed a brick or tile drain along Fifth street from the sewer in Cherry street to a point in Fifth street three hundred and thirty feet south of Cherry Street, to drain the water from the pond between Fifth street, Elm street and Fourth street, the cost and expense to be paid out of the general sewer fund;" that said resolution was duly adopted May 22nd, 1889, by said council; approved by the mayor, and published according to law; that said drain was constructed in accordance with said resolution, and that the cost to the city of constructing said drain was four hundred and nineteen dollars ($419.00); that the cost and expense of constructing said drain was paid wholly by the said city of Toledo, and no part thereof was assessed upon or collected from the abutting lots, or the owners thereof; that the size of said drain pipe for its entire length was one inch in thickness and fifteen inches in diameter, and the same was made of hard burned clay, commonly called sewer tile, and that the defendants' lots, except the lot of the defendant Brown, was never connected with said drain, and that the lot of the defendant Brown, was connected with such drain without any permission from said city, or any of its officers, and that said city had no knowledge that said Brown was draining into the same; that at the time of the construction of said drain, and prior thereto, at or near the southwesterly end thereof, there was a large pond or ravine extending from a point northwest of Fourth street, across Fourth street and Starr avenue, to a point south of Starr avenue, and extending westerly to a point southwest of Elm street, and the same was filled with stagnant water, and said drain was constructed for the purpose of draining the water from said pond into Cherry street sewer.

The testimony introduced by the defendants showed that the tile drain pipe was adequate to drain the abutting lots as fully and completely as the sewer described in plaintiff's petition could drain them.

HELD—LEMON, J.

That the assessment was valid, and that the tile pipe sewer was no defense; that in order to be a defense, it must come within the definition of a local sewer laid down in sec. 2397 of Rev. Stat. of Ohio; that it must have been intended for and used exclusively for the drainage and accommodation of the lots abutting thereon. The court further held that an abutting owner who secretly connected his lots with such pipe sewer without permission from said city, acquires no rights thereby.

The court therefore rendered a personal judgment against the defendants for the full amount of the assessment against their respective lots, including penalty and interest, and also a decree for the sale of the lots.